

**U.S. DEPARTMENT OF JUSTICE**

United States Attorney
Southern District of Illinois

| | |
|---|---|
| 402 West Main Street – Suite 2A | Phone: 618.439.3808 |
| Benton, Illinois 62812 | FAX : 618.439.2401 |
| | |
| Nine Executive Drive | Phone: 618.628.3700 |
| Fairview Heights, Illinois 62208 | FAX: 618.628.3730 |

April 10, 2024

The Honorable Christopher G. Conway
Clerk of Court
United States Court of Appeals for the Seventh Circuit
219 S. Dearborn, Room 2722
Chicago, Illinois 60604

      RE:    **Supplemental Authority, FRAP Rule 28(j)**
              **United States of America v. Jamond M. Rush, Appeal No. 23-3256**

Dear Clerk Conway:

      This matter is not yet set for oral argument.

      On April 2, 2024, the Government filed its responding brief in which it argued, *inter alia*, that the Supreme Court upheld the Constitutionality of the National Firearms Act in *United States v. Miller*, 307 U.S. 174 (1939) and that decision remains binding on this Court until the Supreme Court overrules it. Gov. Br. pp. 6-10.

      On April 2, on the same day that the Government filed its brief, this court issued its opinion in *United States v. White*, No. 22-2014, 2024 WL 1395493, at *5 (7th Cir. Apr. 2, 2024). In *White*, this Court reaffirmed the principle that the Government asserted in its brief—that a Supreme Court decision upholding the Constitutionality of a statute is binding on this Court, even if subsequent Supreme Court decisions later arguably undermine the reasoning in the prior decision. The *White* Court stated:

> Indeed, the Supreme Court has instructed us to resist invitations to find its decisions overruled by implication. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 143 S. Ct. 2028, 2038, 216 L.Ed.2d 815 (2023). *Kisor* did not purport to modify *Stinson* (much less overrule it). That's reason enough for us to stay the course. When a Supreme Court decision is directly controlling, our job is to follow it, "leaving to th[e] Court the

prerogative of overruling its own decisions." *Id.* (quotation marks omitted). That's true even if "intervening decisions have eroded [its] foundation." *Price v. City of Chicago*, 915 F.3d 1107, 1111 (7th Cir. 2019).

*Id.*

Please provide this information to the appropriate panel of judges. Thank you for your assistance.

Very Truly Yours,

s/ *Thomas E. Leggans*

Thomas E. Leggans
Assistant United States Attorney

### Certification of Compliance

This letter complies with Fed.R.App.P. 28(j) because the body of the letter contains 270 words.

s/ *Thomas E. Leggans*

Thomas E. Leggans
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, I electronically filed the foregoing document(s) with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Talmage E. Newton
Attorney at Law

s/ *Thomas E. Leggans*

**Thomas E. Leggans**
**Assistant United States Attorney**